# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| 21 srl, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-7350 |
| | ) | |
| CDW Corporation, OfficeMax Incorporated | ) | Judge Joan B. Gottschall |
| and Walgreen Co., | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | **Jury Trial Demanded** |

## DEFENDANT CDW CORPORATION'S ANSWER, DEFENSES AND COUNTERCLAIMS

Defendant CDW Corporation ("CDW"), by its attorneys, Marshall, Gerstein & Borun LLP, hereby submits its Answer, Defenses and Counterclaims to Plaintiff's Complaint for Patent Infringement.

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

**ANSWER**:  CDW admits that Plaintiff's Complaint purports to state causes of action under the United States patent laws, and that therefore the Court has jurisdiction over Plaintiff's claims, but CDW denies that it has violated any of those laws.

2.      Plaintiff 21 srl is an Italian corporation that has a principal place of business at Via De Canis 3, I-14100 Asti (AT) Italy.  21 srl owns United States Patent No. 7,340,451 B2 ("the '451 Patent") (Exhibit A), entitled "Dynamic Taxonomy Process for Browsing and Retrieving Information in Large Hetero-geneous Data Bases," which issued on March 4, 2008, and has the exclusive right to license and enforce the '451 Patent and to collect all damages for infringement. 21 srl, thus, has standing to sue for infringement of the '451 Patent.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

3. Apple Inc. ("Apple") is a California corporation having its principle [*sic*] place of business at 1 Infinite Loop, Cupertino, California 95014. Apple has a place of business in this judicial district and does substantial business in this judicial district.

**ANSWER:** No answer from CDW is required.

4. CDW Corporation ("CDW") is an Illinois corporation having its principle [*sic*] place of business at 200 N. Milwaukee Avenue, Vernon Hills, Illinois 60061. CDW is registered to do business in the State of Illinois as CDW Corporation.

**ANSWER:** CDW is an Illinois corporation having a principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, IL 60061. CDW admits that it is registered to do business in Illinois.

5. OfficeMax Incorporated ("OfficeMax") is a Delaware corporation having its principle [*sic*] place of business at 263 Shuman Boulevard, Naperville, Illinois 60563. OfficeMax is registered to do business in the State of Illinois as OfficeMax Incorporated.

**ANSWER:** No answer from CDW is required.

6. Walgreen Co. ("Walgreens") is an Illinois corporation having its principle [*sic*] place of business at 200 Wilmot Road, Deerfield, Illinois 60015. Walgreens is registered to do business in the State of Illinois as Walgreen Co.

**ANSWER:** No answer from CDW is required.

7. Each Defendant transacts business in this judicial district and has committed acts of infringement in this judicial district, at least by operating websites and conducting business over those websites that are accessible to residents of Illinois and which infringe at least claim 13 of the '451 Patent.

**ANSWER:** To the extent that this paragraph contains allegations against CDW, CDW admits that it transacts business in this judicial district, but denies the remaining the allegations of this paragraph and, in particular, denies that it has committed acts of infringement. To the

extent this paragraph contains allegations against other Defendants, no answer from CDW is required.

        8.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** For purposes of this litigation only, CDW admits that venue is proper in this district.

        9     Apple has infringed and continues to infringe the '451 Patent by knowingly and actively inducing others to infringe through the use of the apple.com website and by actively and knowingly aiding and abetting users' direct infringement through the use of the apple.com website. Apple had knowledge of the '451 Patent at the time it acted with the specific intent to induce infringement.

**ANSWER**: No answer from CDW is required.

        10.     CDW has infringed and continues to infringe the '451 Patent by knowingly and actively inducing others to infringe through the use of the cdw.com website and by actively and knowingly aiding and abetting users' direct infringement through the use of the cdw.com website. CDW had knowledge of the '451 Patent at the time it acted with the specific intent to induce infringement.

**ANSWER:** CDW denies the allegations of this paragraph.

        11.     OfficeMax has infringed and continues to infringe the '451 Patent by knowingly and actively inducing others to infringe through the use of the officemax.com website and by actively and knowingly aiding and abetting users' direct infringement through the use of the officemax.com website. OfficeMax had knowledge of the '451 Patent at the time it acted with the specific intent to induce infringement.

**ANSWER:** No answer from CDW is required.

        12.     Walgreens has infringed and continues to infringe the '451 Patent by knowingly and actively inducing others to infringe and by contributing to the infringement of others through the use of the walgreens.com website and by actively and knowingly aiding and abetting users' direct infringement through the use of the walgreens.com website. Walgreens had knowledge of the '451 Patent at the time it acted with the specific intent to induce infringement.

**ANSWER:** No answer from CDW is required.

        13.     Plaintiff 21 srl has complied with 35 U.S.C. § 287.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

14.     Defendants' acts of infringement have injured and continue to injure Plaintiff 21 srl and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty

**ANSWER:** CDW denies the allegations of this paragraph.

WHEREFORE, Plaintiff 21 srl respectfully requests this Court enter judgment against Defendants Apple, CDW, OfficeMax and Walgreens, individually and jointly, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against each of the defendants;
B. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date the infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;
C. A finding that this case is exceptional and an award to Plaintiff of its attorneys' fees and costs as provided by 35 U.S.C. § 285;
D. A permanent injunction prohibiting further infringement and/or acts of infringement and inducement of the '451 Patent; and,
E. Such other relief that Plaintiff is entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues presented in this Complaint.

**ANSWER:** CDW denies the allegations of Plaintiff's prayer for relief and denies that Plaintiff is entitled to any of the requested relief.

FURTHER ANSWERING, CDW states that it is not infringing, and has not infringed, directly or indirectly, any valid claim of the '451 patent.

## ADDITIONAL DEFENSES

1.     CDW has not infringed, and is not infringing, directly or indirectly, any valid claim of the '451 patent.

2.      On information and belief, the claims of the '451 patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to, sections 102, 103 and 112.

3.      On information and belief, some or all of the relief sought by Plaintiff is barred by its failure to meet the requirements of 35 U.S.C. § 287.

4.      Plaintiff is not entitled to equitable relief at least because it has not and will not suffer irreparable harm, it does not practice the patent or because it is not without an adequate remedy at law.

5.      As discovery may reveal the existence of other defenses, CDW reserves the right to seek leave to amend this Answer and to allege any and all defenses that may be applicable.

## COUNTERCLAIM

1.      For its counterclaim against Counter-Defendant 21 srl ("21 srl"), Counter-Plaintiff CDW Corporation ("CDW") states as follows:

2.      This is an action for a declaratory judgment arising under the United States patent laws, 35 U.S.C. §§ 1-376, and the declaratory judgment statute, 28 U.S.C. § 2201.

3.      CDW is an Illinois corporation with a principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, IL 60061.

4.      Counter-Defendant 21 srl alleges in this action to be an Italian corporation that has a principal place of business at Via De Canis 3, I-14100 Asti (AT) Italy.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

6.      This Court has personal jurisdiction over 21 srl, and venue is proper in this district under 28 U.S.C. § 1391, if for no other reason than 21 srl has consented and submitted thereto by filing the underlying action.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## REGARDING U.S. PATENT NO. 7,340,451

7.      CDW repeats and realleges Paragraphs 1-6 of this counterclaim, inclusive, as though fully set forth herein and incorporates them by reference.

8.      21 srl alleges in this action that CDW infringes one or more claims of the '451 patent.

9.      CDW denies infringement of any claim of the '451 patent.

10.      There is, therefore, an actual case and controversy between the parties with respect to infringement of the '451 patent.

11.      CDW does not infringe any of the claims of the '451 patent.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY
## REGARDING U.S. PATENT NO. 7,340,451

12.      CDW repeats and realleges Paragraphs 1-6 of this counterclaim, inclusive, as though fully set forth herein and incorporates them by reference.

13.      21 srl alleges in this action that CDW infringes one ore more claims of the '451 patent.

14.      CDW denies infringement and further contends that each of the asserted claims of the '451 patent is invalid pursuant to Title 35 of the United States Code.

15.      There is, therefore, an actual case and controversy between the parties with respect to the validity of the claims of the '451 patent.

16.      Each of the claims of the '451 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including, but not limited to, sections 102, 103 and 112.

WHEREFORE, CDW respectfully prays that this honorable Court enter judgment in this cause as follows:

A.      Dismissing Plaintiff's Complaint in its entirety with prejudice and denying Plaintiff all relief;

B.      Declaring that each of the claims of the '451 patent is invalid;

C.      Declaring that CDW does not infringe any valid claim of the '451 patent;

D.      Awarding CDW its costs reasonably incurred in defending against this action;

E.      If the facts of this case warrant, declaring this case to be exceptional pursuant to Section 285 of Title 35 of the United States Code and awarding CDW its attorneys' fees reasonably incurred in defending against this action; and

F.      Awarding CDW such further relief as this honorable Court deems just and reasonable under the circumstances.

## JURY DEMAND

CDW hereby requests trial by jury of all issues properly so triable.

Dated: February 18, 2009                    Respectfully submitted,

                                            By:   /s/  Anthony S. Gabrielson
                                                Thomas L. Duston (6196612)
                                                Anthony S. Gabrielson (6281782)
                                                MARSHALL, GERSTEIN & BORUN LLP
                                                233 South Wacker Drive
                                                6300 Sears Tower
                                                Chicago, IL 60606-6357
                                                Tel: (312) 474-6300
                                                Fax: (312) 474-0448

                                                *Attorneys for Defendant CDW Corporation*

## CERTIFICATE OF SERVICE

I, Anthony S. Gabrielson, an attorney, hereby certify that on February 18, 2009, I caused a copy of the foregoing DEFENDANT CDW CORPORATION'S ANSWER, DEFENSES AND COUNTERCLAIMS to be electronically filed using the CM/ECF system in accordance with Local Rule 5.9, which sent notification of such filing to all counsel of record.

   /s/  Anthony S. Gabrielson
Anthony S. Gabrielson